## Omie Weems v. The State.

### No. 7010.   Decided May 31, 1922.

1.—Murder—Self-Defense—Requested Charge.

Where, upon trial of murder there was no evidence upon which to base the requested charge, and the court had not limited the right of self-defense, there was no reversible error.

2.—Same—Indictment—Practice in Trial Court.

Where the court submitted the case only on the first count in the indictment directly instructing the jury that the second count was withdrawn, this eliminates the objection to the second count, the first count being sufficient and not subject to exception, and there was no reversible error.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted for the murder of Annie Miller, her punishment being assessed at confinement in the penitentiary for twenty-five years.

Appellant and Willie Armstead are negroes.   They had been living together for about two years.   On the night preceding the homicide some trouble occurred between them at her house.   The evidence is conflicting as to how it arose.   The State's testimony shows that appellant shot at Armstead several times after he was in bed; that he jumped up and ran out of the house, taking his clothes with him. Appellant's testimony is to the effect that she did no shooting but that Armstead shot at her; that when she called to a white lady in whose house she lived to telephone for the officers Armstead left, after throwing some bricks in the house.   The State's testimony indicated that the trouble between them arose because Armstead had told her he was going to quit her, and that was the last night he expected to sleep with her.   The next morning appellant went to town, carrying a pistol in a candy box.   The State's evidence shows that she walked up to Armstead on the corner of the street near a store, and after cursing him told him she was going to kill him, whereupon she took the pistol out of the box and fired.   The shot missed Armstead, but struck and killed Mrs. Annie Miller, a white lady, who had just stepped

out of the store with some bundles in her arms. Appellant claims she had seen Armstead before that morning and that he had threatened her, having a knife in his hand, and had followed her up the street to where the shooting occurred; that she fired at Armstead believing he was attempting to draw the knife with which to cut her. Her story is contradicted by Armstead and other witnesses.

The issues raised were fairly presented to the jury making the guilt or innocence of appellant to depend upon what the facts were found to be relative to her actions towards Armstead and his towards her. No objections were filed to the court's charge and no special instruction requested save one. It was to the effect that if the jury should find that Armstead had previously assaulted appellant and had made serious threats to take her life, that she had a right to arm herself; and further, that the fact of her being armed with a pistol did not deprive her of the right of self-defense. There was no necessity for the court to give the charge in question. He had not in any way limited her right of self-defense. Where this is not done no occasion arises for a charge such as appellant requested. Branch's Ann. P. C., page 1091, Section 1950.

The only other matter urged as erroneous was the failure of the court to quash the indictment, which contained two counts. The gist of the objection is directed at the second count which appears to be defective. The record is silent upon whether the court ruled upon the motion to quash, but he submitted the case only on the first count, directly instructing the jury that the second count was withdrawn. This eliminates the objection as to the bad count. The first count is in proper form and not subject to exception.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*